---

HICKS ET AL. VS. WYATT ET AL.

H. & W. were mercantile partners.   H. sold his interest in the firm effects to T., and W. & T., who became partners in a new firm, executed a covenant to H. to pay the debts of the old firm of H. & W., and save him harmless on ac_count thereof.   If they failed to do so, H. had a remedy against them on the covenant of indemnity; but creditors of the firm of H. & W. had no right of action against the new firm of W. & T., in consequence of their covenant to H., for want of privity of contract.

*Appeal from   Columbia   Circuit   Court.*

Hon. LEN B. GREEN, Circuit Judge.

**56**      CASES IN THE SUPREME COURT

Hicks et al. vs. Wyatt et al.      [JANUARY

GALLAGHER, for appellants.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Hicks, Arrington & Co. sued Wyatt & Thompson, before a justice of the peace of Columbia county, upon an account for two months services of Thomas J. Bolger, in the year 1857, at $50 per month; and obtained judgment for $66 00. Wyatt & Thompson appealed to the Circuit Court, where the case was tried anew, and verdict and judgment in their favor, and Hicks, Arrington & Co. appealed to this court.

Bolger, the principal witness, on his examination in chief, stated, in substance, that the firm of Hicks, Arrington & Co., was composed of James A. Hicks, Robt. E. Arrington and James Vaughan, and that they were engaged in the mercantile business in Magnolia, Columbia county. That he was employed in March, 1857, to serve the firm as a clerk, for twelve months, at $400 for the year, or $33 33⅓ per month. That about the 1st of November, 1857, Arrington and Vaughan sold their interest in the firm to Wm. Wyatt, and the new firm took the style of Hicks & Wyatt.

Hicks, who was a member of the firm of Hicks & Wyatt, and also a member of the firm of Hicks, Arrington & Co., told witness to remain with the firm of Hicks & Wyatt, and do business for them, the same as he had been doing for Hicks, Arrington & Co., and at the same time, to attend to the books and to the winding up of the business of the firm of Hicks, Arrington & Co.

Witness continued in the establishment of Hicks & Wyatt, from that time until the 1st of January, 1858, attending to their business, and also the books of Hicks, Arrington & Co. For the first six weeks after Wyatt bought out Arrington and Vaughan, he attended to the business of Hicks & Wyatt; during the other two weeks, he was principally employed on the books of Hicks, Arrington & Co., but was often in the store of Hicks & Wyatt, selling goods for them, and frequently at night

drew off, from the memorandum, the sales of the day on to the day book.

About the first of January, 1858, Hicks instructed witness to credit himself on the books of Hicks, Arrington & Co. for the services he had rendered the firms of Hicks, Arrington & Co., and Hicks and Wyatt, from the time Arrington & Vaughan sold out to Wyatt, up to 1st January, 1858; Hicks stating to witness at the same time that the firm of Hicks & Wyatt would account to the firm of Hicks, Arrington & Co., for the amount of such services. Witness did so accordingly, and received a credit on the books of Hicks, Arrington & Co., for the sum of $66 66, or at the rate of $33 33 per month; which was all the payment he ever received for his services to the firms of Hicks & Wyatt and Hicks, Arrington & Co., from the time of the sale by Arrington & Vaughan to Wyatt, up to the first of January, 1858.

Hicks sold his interest in the firm of Hicks & Wyatt to Samuel J. Thompson, some time in the fall of the year, 1858, and went out of the firm, and Wm. Wyatt and Samuel J. Thompson continued the business under the style of Wyatt & Thompson. Neither the firm of Hicks & Wyatt nor the firm of Wyatt & Thompson ever paid witness any thing for his services during the year, 1857.

Hicks, Arrington & Co. also introduced in evidence a sealed instrument reciting a sale by Hicks, to Wyatt & Thompson, of his interest in the assets of the firm of Hicks & Wyatt, by which Wyatt & Thompson covenanted with Hicks as follows: " We will pay or cause to be paid all outstanding debts of the aforesaid firm of Hicks & Wyatt, and that the said James A. Hicks shall be protected from the payment of any, or any part of said debts," etc.

This instrument bears date 4th October, 1858.

Hicks, Arrington & Co. insist that on the 1st Jan., 1858, the firm of Hicks & Wyatt became indebted to them in the sum of $66 66, this being the amount with which Bolger was credited

on the books of Hicks, Arrington & Co., on that day, for services rendered by him for the firm of Hicks & Wyatt, in the months of November and December, 1857, as clerk, and that by virtue of the covenant above referred to, the firm of Wyatt & Thompson became liable to pay that debt, as well as all other debts of the firm of Hicks & Wyatt. But if this be conceded to be true, it does not follow that the firm of Hicks, Arrington & Co. had the right of action for the $66 66, or any part of it, against the firm of Wyatt & Thompson. There was no privity of contract between these two firms. Wyatt & Thompson covenanted with Hicks to pay all of the debts of the firm of Hicks & Wyatt, and to save him harmless on account of said debts; and if they failed to pay the debt in question, Hicks had his remedy against them for breach of their covenant; but Hicks, Arrington & Co., who were not parties to the covenant, had no right of action against the firm of Wyatt & Thompson. Their remedy was against the firm of Hicks & Wyatt, and Hicks being a member of both firms, the remedy was in equity, and not at law.

Hicks, Arrington & Co. having failed to show any right of action against Wyatt & Thompson, it is unnecessary to state the evidence introduced in the defence, or to decide the questions growing out of it.

The judgment must be affirmed.